1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

LOUIS D. COSCO,                     )      3:05-CV-00078-JCM (RAM)
                                    )
                Plaintiff,          )
                                    )
        vs.                         )      **REPORT AND RECOMMENDATION**
                                    )      **OF U.S. MAGISTRATE JUDGE**
DEBI LIGHTSEY, et al.,              )
                                    )
                Defendants.         )
_____     )

        This Report and Recommendation is made to the Honorable James C. Mahan, United

States District Judge.  The action was referred to the undersigned Magistrate Judge pursuant

to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4.

        Before the court is Defendant's Motion for Summary Judgment(Doc. #50). Plaintiff

opposed the motion (Doc. #55) and Defendant replied (Doc. #64)[1].  Also before the court is

Plaintiff's Motion for Summary Judgment (Doc. #52).  Defendant opposed the motion (Doc.

#58) and Plaintiff replied in his Motion to Strike Defendant's Opposition to Plaintiff's Motion

for Summary Judgment[2] (Docs. #62, 63).

        ///

---

[1]Plaintiff filed Objections to and Requests for Review of Magistrate's Order Granting Defendants' Request for Enlargement of Time to Reply to Plaintiff's Opposition to Defendants' Motion for Summary Judgment (Docs. #65, 66) and a Motion to Strike Defendants Reply to Plaintiff's Opposition (Doc. #67). The court granted Defendant an enlargement of time, to and including May 17, 2007, in which to file her reply (Doc. #60); Defendant complied with the court's ruling (Doc. #64). Furthermore, Plaintiff's motion to strike Defendant's reply is essentially an opposition to Defendant's reply rearguing Plaintiff's points made in his opposition.  Accordingly, these motions are **DENIED**.

[2]Plaintiff's Motion to Strike Defendant's Opposition to Plaintiff's Motion for Summary Judgment (Doc. #62) is **DENIED.**

# I.  BACKGROUND

Plaintiff asserts, in October 2003, he attempted to obtain legal copy work, which Defendant allegedly refused to initially accept and then refused or failed to timely honor (Doc. #28 at 3).  Plaintiff asserts that due to Defendant's failure to timely honor his copy requests, Plaintiff missed his court filing deadline, which resulted in his cause of action being permanently barred from court review (Doc. #28 at 4).  Plaintiff contends, through Defendant's action or inaction, his civil rights were violated; namely, Plaintiff's right to petition the government for redress of grievances, his right to reasonable access to the courts and his due process and equal protection rights (*Id.*).

Plaintiff's First Amended Complaint includes the following causes of action: 1) violations of Plaintiff's First Amendment right to petition the government for redress of grievances and access to the courts and 2) violations of Plaintiff's First and Fourteenth Amendment rights of access to the courts and due process and equal protection rights (Doc. #28 at 5-7).  Plaintiff requests a limited injunction to prevent future similar actions or inactions; nominal, compensatory and punitive damages for violations of his civil rights by a person acting under color of state law; and, nominal, compensatory and punitive damages for violations of his civil rights resulting in the permanent loss of a cause of action by a person acting under color of state law (*Id.* at 11).

# II.  STANDARD FOR SUMMARY JUDGMENT

The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court. *Northwest Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994).  The moving party is entitled to summary judgment where, viewing the evidence and the inferences arising therefrom in favor of the nonmovant, there are no genuine issues of material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). Judgment as a matter of law is appropriate where there is no legally sufficient evidentiary basis for a reasonable jury to find for the nonmoving party. FED. R. CIV. P. 50(a).  Where reasonable

1    minds could differ on the material facts at issue, however, summary judgment is not

2    appropriate. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995), *cert. denied*, 516

3    U.S. 1171 (1996).

4        The moving party bears the burden of informing the court of the basis for its motion,

5    together with evidence demonstrating the absence of any genuine issue of material fact.

6    *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once the moving party has met its burden,

7    the party opposing the motion may not rest upon mere allegations or denials of the pleadings,

8    but must set forth specific facts showing there is a genuine issue for trial. *Anderson v. Liberty*

9    *Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Although the parties may submit evidence in an

10    inadmissible form, only evidence which might be admissible at trial may be considered by a

11    trial court in ruling on a motion for summary judgment. Fed. R. Civ. P. 56(c); *Beyene v.*

12    *Coleman Sec. Serv., Inc.*, 854 F.2d 1179, 1181 (9th Cir. 1988).

13        In evaluating the appropriateness of summary judgment, three steps are necessary:

14    (1) determining whether a fact is material; (2) determining whether there is a genuine issue

15    for the trier of fact, as determined by the documents submitted to the court; and (3)

16    considering that evidence in light of the appropriate standard of proof. *Liberty Lobby*, 477

17    U.S. at 248.  As to materiality, only disputes over facts that might affect the outcome of the

18    suit under the governing law will properly preclude the entry of summary judgment; factual

19    disputes which are irrelevant or unnecessary will not be considered. *Id.*  Where there is a

20    complete failure of proof concerning an essential element of the nonmoving party's case, all

21    other facts are rendered immaterial, and the moving party is entitled to judgment as a matter

22    of law. *Celotex*, 477 U.S. at 323.  Summary judgment is not a disfavored procedural shortcut,

23    but an integral part of the federal rules as a whole.  *Id.*

24                        **III.  DISCUSSION**

25    **1.**     **Defendant's Motion for Summary Judgment**

26        Defendant moves for summary judgment on the following grounds: 1) Plaintiff did not

27    exhaust his administrative remedies; 2) the undisputed material facts are such that a jury

28

1   could not find Defendant committed any "official act" to frustrate Plaintiff's access to the

2   courts; 3) Plaintiff's claims are barred by the principles of qualified immunity because

3   Defendant did not clearly violate a federal law and act unreasonably under the circumstances;

4   4) Plaintiff's claims against Defendant named in her official capacity are barred by the

5   Eleventh Amendment; and, 5) Defendant, named in her official capacity, is not a person

6   subject to liability under 42 U.S.C. § 1983 (Doc. #50).

7          Plaintiff argues he did, in fact, exhaust all of his administrative remedies available to

8   him; Defendant's actions do constitute an official act because she was acting under color of

9   state authority as an employee of ESP and it was her duty and obligation as an employee of

10  ESP to timely return Plaintiff's legal papers; Defendant is not entitled to qualified immunity

11  because her acts or omissions violated rights that a reasonable person should have known;

12  and, Plaintiff's claims against Defendant in her official capacity are not barred by the Eleventh

13  Amendment because Plaintiff is suing Defendant for prospective limited injunction and to

14  prevent similar actions or inactions and this suit is over a state employee violating federal law

15  (Doc. #55 at 11-19).  Plaintiff further argues Defendant's evidence is improper and should be

16  excluded because it was not offered in compliance with FED. R. CIV. P. 56(e) (*Id.* at 1-5).

17         Defendant responds that Plaintiff did not file any grievance until after missing his filing

18  deadline; therefore, he did not exhaust his administrative remedies (Doc #64 at 3).  Defendant

19  further responds that there was no official act because Plaintiff missed his filing deadline due

20  to his own inaction, Defendant is immune from prosecution in her official capacity pursuant

21  to the Eleventh Amendment and because she  is not a person subject to liability under 42

22  U.S.C. § 1983, and Defendant is entitled to qualified immunity (*Id.* at 3-8).  Finally, Defendant

23  responds that all of her evidence is proper pursuant to 28 U.S.C. § 1746 (*Id.* at 10)[3].

24  ///

25  ///

26

27          [3]The evidence attached to the instant motion is properly offered; therefore, this Report and
    Recommendation addresses the merits of the parties' arguments.

28                                         4

1

      A.   <u>Exhaustion of administrative remedies</u>

2
      Defendant argues Plaintiff's complaint should be dismissed for failure to exhaust

3
administrative remedies as required under the Prison Litigation Reform Act of 1995 ("PLRA"),

4
42 U.S.C. § 1997e(a) (Doc. #50 at 11).  Specifically, Defendant asserts it is undisputed that

5
Plaintiff did not file any grievance, emergency or otherwise, *prior to missing his filing*

6
*deadline* (Doc. #64 at 3).  Defendant contends that, under the language of AR 740, Plaintiff

7
was required to file his grievance "when: (1) Defendant allegedly refused to accept his papers

8
for copying; (2) the inmate law clerks allegedly did not appear in his unit as scheduled; (3)

9
when the law clerks allegedly refused to accept his papers and make copies; or (4) he did not

10
get his copy-work back on October 29th or 30th." (Doc. #50 at 4).

11
      The PLRA provides, in pertinent part, that "[n]o action shall be brought with respect

12
to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner

13
confined in any jail, prison, or other correctional facility until such administrative remedies

14
as are available are exhausted." 42 U.S.C. § 1997e(a).  The PLRA exhaustion requirement is

15
an affirmative defense that must be raised and proved by the defendant. *Wyatt v. Terhune*,

16
315 F.3d 1108, 1112 (9th Cir. 2003).  Furthermore, the U.S. Supreme Court recently clarified

17
that exhaustion cannot be satisfied by filing an untimely or otherwise procedurally infirm

18
grievance, but, rather, the PLRA requires "proper exhaustion." *Woodford v. Ngo*, ____ U.S.

19
____, 126 S. Ct. 2378, 2382 (2006).

20
      The Supreme Court defines "proper exhaustion" as "using all steps the agency holds

21
out, and doing so *properly* (so that the agency addresses the issues on the merits)." *Id.* at 2385

22
(*quoting Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)) (emphasis in original).

23
This district court has interpreted Justice Alito's majority opinion in *Woodford* as setting forth

24
two tests for "proper exhaustion": 1) the "merits test", which is satisfied when a plaintiff's

25
grievance is fully addressed on the merits by the administrative agency and appealed through

26
all the agency's levels, and 2) the "compliance test", which is satisfied when a plaintiff complies

27
with all critical procedural rules and deadlines. *Jones v. Stewart*, 457 F. Supp. 2d 1131, 1134

28

1   (D. Nev 2006).  "A finding that a plaintiff has met either test is sufficient for a finding of
2   'proper exhaustion'.  Defendant must show that Plaintiff failed to meet both the merits and
3   compliance tests to succeed in a motion to dismiss [or a motion for summary judgment] for
4   failure to exhaust administrative remedies." *Id.*

5           For prisoners within the NDOC system, exhaustion of administrative remedies includes
6   complying with the grievance procedures set forth in Administrative Regulation 740 (AR 740).
7   (Doc. #50, Exh. A).  Defendant argues that Plaintiff did not file his grievance before missing
8   his filing deadline; however, AR 740 provides an inmate with six calendar months to file an
9   informal grievance if the issue involves tort claims, as it does here (Doc. #50, Exh. A at 11).
10  While Plaintiff's grievance was filed prior to the 2004 decision extending this deadline to six
11  months, the effective date of the decision, February 19, 2003, predates Plaintiff's grievance,
12  as well as the events leading up to Plaintiff's grievance (*Id*. at 1).

13          In any event, the record also indicates Plaintiff's grievance was addressed on the merits
14  (Doc. #50, Exh. K).  In a thorough analysis of the *Woodford* decision, Senior District Judge
15  Edward C. Reed found that "[i]f the agency addresses a grievance on the merits at every level
16  available, the inmate has 'us[ed] all steps that the agency holds out, and do[ne] so properly
17  (so that the agency addresse[d] the issues on the merits.' 126 S.Ct. at 2385.  This
18  understanding of the merits test comports closely with the language of *Woodford* and the
19  Supreme Court's concern with protecting administrative agency authority. Agency authority
20  is also protected once the merits test is satisfied because the agency has had a full chance to
21  address and correct any internal issues before going to court." *Jones*, 457 F. Supp. 2d at 1137.
22  Accordingly, the evidence before the court indicates that Plaintiff did, in fact, exhaust his
23  available administrative remedies.

24          B.    Official Act

25          Defendant asserts Plaintiff's claim that she refused to take Plaintiff's copy work is not
26  credible such that a jury could find in his favor (Doc. #50 at 14).  Defendant contends the
27  overwhelming evidence is such that no jury could find in Plaintiff's favor, such as: 1) Plaintiff

28                                      6

did not file a grievance complaining about Defendant's arbitrary refusal to take his legal copy work; 2) Defendant took legal copy work for five other inmates; 3) Plaintiff's October 22, 2003 kite never mentions Defendant's alleged refusal to take Plaintiff's legal copy work; 4) Defendant's response to Plaintiff's October 22, 2003 kite did not indicate any animosity toward Plaintiff; 5) Defendant accepted Plaintiff's legal copy work on October 28, 2003 without incident; 6) Defendant doesn't know Plaintiff personally and only had limited contact with him in their dealings in the law library; and, 7) there is no history of disputes between Plaintiff and Defendant (Doc. #50 at 15). Defendant further asserts that, even if the court finds there is a genuine issue of material fact regarding whether Defendant refused Plaintiff's copy work, Plaintiff had several other opportunities to have his copy work completed; therefore, there was no "official act" frustrating Plaintiff's access to the courts (*Id.* at 15-16).

Defendant essentially asks this court to make a credibility determination and weigh the evidence in order to make a factual finding in her favor. In fact, Defendant asserts that "a jury is *far more likely* to find that [Defendant] offered to take [Plaintiff's] copy work, as she did with several other inmates, and the Plaintiff refused to leave her with his only copy." (*Id.* at 15) (emphasis added). At the summary judgment stage, the judge's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial. *Liberty Lobby*, 477 U.S. at 249. There is no requirement that the trial judge make findings of fact; the inquiry performed is the threshold inquiry of determining whether there is the need for a trial – whether there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party. *Id.* at 249-250. Disputes over facts that might affect the outcome of the suit under the governing law will properly preclude summary judgment. *Id.* at 248.

Here, Plaintiff alleges Defendant selectively and arbitrarily refused to take his legal copy work on October 21, 2003, while taking other inmates' legal copy work (Doc. #55 at 6). Plaintiff alleges other inmates witnessed Defendant's refusal to accept his legal copy work (*Id.*). Plaintiff also alleges, on October 28, 2003, Defendant accepted Plaintiff's legal copy

1   work claiming she would make copies and return them to him the following day because the

2   two copiers were broken (Doc. #55 at 6).  Plaintiff asserts he did not receive his legal copy

3   work until November 2, 2003, which was after his October 31, 2003 filing deadline (*Id.*).

4   Plaintiff further asserts he did, in fact, inform Defendant that he had a filing deadline and that,

5   due to her refusal to accept his legal copy work on October 21 and then the delay in receiving

6   his copy work after Defendant accepted it on October 28, Plaintiff missed his court filing

7   deadline resulting in his appeal being rejected as untimely, thereby, barring his claims (*Id.*).

8   Defendant disputes Plaintiff's allegations; however, these factual disputes certainly affect the

9   outcome of the suit, precluding summary judgment.

10          Defendant also argues that Plaintiff had several other opportunities to have his copy

11   work completed; therefore, there was no "official act" frustrating Plaintiff's access to the courts

12   (Doc. #50 at 15).  However, even if Defendant's alleged actions "were not an insurmountable

13   obstacle to [Plaintiff's] attempt to assert his claim, [Defendant allegedly] effectively prevented

14   [Plaintiff] from filing his [legal copy work] by *arbitrarily and selectively denying him access*

15   to the [copy machine via Defendant's alleged refusal to accept his copy work]". *Phillips v.*

16   *Hust*, 477 F.3d 1070, 1077 (9th Cir. 2007) (Where law librarian refused plaintiff access to a

17   comb-binding machine on a particular day and not on other days, Ninth Circuit found the

18   contention that plaintiff could not show defendant's actions caused the late filing of plaintiff's

19   petition because he could have used alternate means of binding his petition for certiorari or

20   could have submitted petition unbound missed the point.).  The Ninth Circuit holds that "an

21   inmate's constitutional rights, including the right of access to the courts, may be violated by

22   the *arbitrary and selective* enforcement of otherwise valid policies." *Id.* at 1077 (emphasis

23   added).  In *Phillips*, the Ninth Circuit also found that the fact that the defendant was unaware

24   of the filing deadline did not affect the result because it was entirely foreseeable that denying

25   the plaintiff access to the comb-binding machine *inconsistently with well-established past*

26   *practice* would interfere with his ability to file the document in court. *Id.* at 1078 (emphasis

27   added).

28

Here, if Defendant did, in fact, *arbitrarily, selectively and inconsistently with well-established past practice,* refuse to take Plaintiff's legal copy work on October 21, 2003, it is entirely foreseeable that such a refusal would interfere with Plaintiff's ability to file his document in a timely manner, thereby violating Plaintiff's right of access to the courts. *Phillips*, 477 F.3d at 1077-1078.  This alleged refusal put Plaintiff in the untenable position of having to file his original document on the date it was due in the hopes it would be accepted without copies, or wait until he could get copies made and hope it would be accepted late. *Id*. at 1078 ("[Defendant's] refusal to allow [the plaintiff] to use the comb-binder placed him in the untenable position of having to file the petition on the date it was due in the hopes that it would be accepted unbound or partially bound, or to wait until he could bind the petition in the hopes that it would be accepted late.").

Viewing the evidence in the light most favorable to Plaintiff, there are genuine issues of material fact as to whether Defendant selectively and arbitrarily refused to take Plaintiff's legal copy work on October 21, 2003 and whether, after accepting Plaintiff's legal copy work on October 28, 2003, Defendant failed to deliver it in a timely manner consistent with well-established past practice.  Because making credibility determinations, weighing the evidence, and drawing legitimate inferences from the facts are jury functions, not those of a judge, and because when reviewing a grant of summary judgment the evidence of the non-movant is to be believed and all justifiable inferences are to be drawn in his favor, summary judgment is improper. *See Blankenhorn v. City of Orange*, 485 F.3d 463, 470 (9th Cir. 2007).

C.   Qualified Immunity

Defendant asserts she is protected from liability by the doctrine of qualified immunity because she did not violate a federal law and act unreasonably under the circumstances (Doc. #50 at 17).  Defendant asserts she did her best to provide Plaintiff with his needed copies and she was neither incompetent in carrying out her duties nor did she act knowingly in a way so as to violate the law (*Id*.).

1    "Qualified immunity protects government officials ... from liability for civil damages

2    insofar as their conduct does not violate clearly established statutory or constitutional rights

3    of which a reasonable person would have known." *Phillips*, 477 F.3d at 1079.  In determining

4    whether an official has qualified immunity, the district court must determine: 1) whether the

5    facts show the officer's conduct violated a constitutional right, viewing the facts in a light most

6    favorable to the party asserting the injury; and, 2) whether the right was clearly established.

7    *Saucier v. Katz*, 533 U.S. 194, 201 (2001).  To determine whether a right was clearly

8    established, the district court must establish whether it would be clear to a reasonable officer

9    that her conduct was unlawful in the situation she confronted. *Phillips*, 477 F.3d at 1079.

10    As previously discussed, whether or not Defendant acted reasonably and "did her best

11    to provide Plaintiff with his needed copies" is a question of material fact in dispute.  Viewing

12    the facts in a light most favorable to Plaintiff, Defendant's alleged arbitrary and selective

13    refusal to take Plaintiff's legal copy work, where that refusal was contrary to the consistent

14    practice of the prison, violated Plaintiff's right of access to the courts.

15    "[A] reasonable officer would know that failing to provide access to equipment and

16    supplies needed in order to 'prepare, serve and file' court documents would result in prisoners'

17    claims being 'dismissed for failure to satisfy ... technical requirements' or would otherwise

18    frustrate prisoners' litigation efforts." *Id*. at 1079-1080.  Furthermore, "prison rules may not

19    be enforced arbitrarily or selectively in such a way as to violate prisoners' constitutional or

20    statutory rights, including the right of access to the courts." *Id*. at 1080.  Accordingly, "'a

21    reasonable officer in defendant's position should know that if her actions could foreseeably

22    result in causing an inmate plaintiff to miss a court filing deadline or violate a published court

23    rule, such actions would be unlawful under the clearly established constitutional access to

24    court standards set forth in *Lewis*.'" *Id*. (*citing Lewis v. Casey*, 518 U.S. 343, 351 (1996)).

25    Accordingly, Defendant is not entitled to qualified immunity from Plaintiff's access to the

26    courts claims.

27    ///

28                                                          10

1

### D.   Eleventh Amendment

2    Defendant asserts the Eleventh Amendment bars Plaintiff's suit against her acting in

3    her official capacity (Doc. #50 at 18).  Plaintiff argues he is suing Defendant in her official

4    capacity for prospective "limited injunction to prevent future similar actions or inactions."

5    (Doc. #55 at 19; Doc. #28 at 9).

6    The Eleventh Amendment bars suits for money damages in federal court by a citizen

7    against a state or its agencies unless the state has waived such immunity or Congress has

8    abrogated such immunity by statute. *Seminole Tribe of Florida v. Florida*, 517 U.S. 44 (1996).

9    Thus, Defendant correctly asserts that to the extent the Plaintiff's claims against her in her

10   official capacity are for money damages, no claim will lie.  However, Plaintiff also requests

11   injunctive relief against Defendant in her official capacity and a federal court's remedial power,

12   consistent with the Eleventh Amendment, includes prospective injunctive relief. *Quern v.*

13   *Jordan*, 440 U.S. 332, 338 ("a federal court, consistent with the Eleventh Amendment, may

14   enjoin state officials to conform their future conduct to the requirements of federal law...").

15   Accordingly, to the extent Plaintiff is suing Defendant in her official capacity for prospective

16   injunctive relief, the Eleventh Amendment does not bar Plaintiff's suit; however Plaintiff is

17   barred from suing Defendant in her official capacity for money damages.

18

### E.   "Person" under 42 U.S.C. § 1983

19

20   Defendant makes the same argument as previously argued under Eleventh Amendment

21   immunity (Doc. #50 at 19).  As previously explained, Plaintiff is barred from suing Defendant

     in her official capacity for money damages, but not for prospective injunctive relief.

22

23   ## 2.   Plaintiff's Motion for Summary Judgment

24   Plaintiff moves for summary judgment asserting there are no genuine issues of material

25   fact (Doc. #52 at 1).  Defendant opposes the motion arguing the same points made in

26   Defendant's Motion for Summary Judgment (Doc. #58O).  As explained in detail above, there

27   are genuine issues of material fact precluding summary judgment at this time.

28

## IV.  CONCLUSION

Plaintiff exhausted all administrative remedies; therefore, this action is properly asserted.  There are genuine issues of material fact as to whether Defendant selectively and arbitrarily refused to take Plaintiff's legal copy work on October 21, 2003 and whether, after accepting Plaintiff's legal copy work on October 28, 2003, Defendant failed to deliver it in a timely manner consistent with well-established past practice.  Defendant is not entitled to qualified immunity because if she did, in fact, selectively and arbitrarily refuse to take Plaintiff's legal copy work, it is entirely foreseeable that such official acts could interfere with Plaintiff's ability to timely file his legal document.  Furthermore, the Eleventh Amendment and § 1983 do not bar Plaintiff's suit against Defendant in her "official capacity" to the extent Plaintiff is suing for prospective injunctive relief. Accordingly, for the reasons set forth above, Defendant's Motion for Summary Judgment should be **DENIED**.   Plaintiff's Motion for Summary Judgment should also be **DENIED**.

///

///

///

///

///

///

///

///

///

///

///

12

## RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the District Judge enter an order **DENYING** Defendant's Motion for Summary Judgment (Doc. #50) and **DENYING** Plaintiff's Motion for Summary Judgment (Doc. #52).

The parties should be aware of the following:

1.      That they may file, pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, specific written objections to this Report and Recommendation within ten (10) days of receipt.  These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.      That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1), Fed. R. Civ. P., should not be filed until entry of the District Court's judgment.

DATED:   November 1, 2007.

_____
UNITED STATES MAGISTRATE JUDGE

13