# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| LOUIS D. COSCO,<br><br>　　　　Plaintiff,<br><br>v.<br><br>DEBI LIGHTSEY, et al.,<br><br>　　　　Defendants. | 3:05-CV-78 JCM (RAM)<br><br>Date:　　N/A<br>Time:　　N/A |

**ORDER**

Presently before the court are the plaintiff's requests for review of the magistrate judge's orders denying the plaintiff's motion to set a trial/hearing date (#48), and granting the defendant's motion for enlargement of time (#49). Also before the court is the plaintiff's motion to strike the defendant's response to plaintiff's request for review of the magistrate's order granting the defendant's motion for enlargement of time (#61).

Finally, before the court is Magistrate Judge Robert McQuaid's report and recommendation (#69), denying both the plaintiff's motion for summary judgment (#52) and the defendant's motion for summary judgment (#50), and denying the plaintiff's motion to strike (#62) the defendant's response to plaintiff's motion for summary judgment.

The plaintiff is incarcerated at Ely State Prison ("ESP") under the supervision of the Nevada Department of Corrections ("NDOC") (#28 at 1).The defendant, sued in her official and individual capacities, is the law library supervisor at ESP (#28 at 2).The plaintiff alleges that, in October 2003, he attempted to obtain legal copy work from the defendant, who initially refused to accept the work

**James C. Mahan**
**U.S. District Judge**

1  and then failed to timely honor his requests (#28 at 3). Plaintiff asserts that due to defendant's failure
2  to timely honor his copy requests, Plaintiff missed his court filing deadline, which resulted in his
3  cause of action being permanently barred from court review (#28 at 4).

4  Plaintiff's first amended complaint includes the following causes of action: 1) violations of Plaintiff's First Amendment right to petition the government for redress of grievances and access to the courts and 2) violations of Plaintiff's First and Fourteenth Amendment rights of access to the courts and due process and equal protection rights (#28 at 5-7). Plaintiff requests a limited injunction to prevent future similar actions or inactions; nominal, compensatory and punitive damages for violations of his civil rights by a person acting under color of state law; and, nominal, compensatory and punitive damages for violations of his civil rights resulting in the permanent loss of a cause of action by a person acting under color of state law (#28 at 11).

Under Local Rule IB 1-4 and 28 U.S.C. § 636(b)(1)(B), a magistrate judge shall file findings and recommendations for disposition by the district judge. The district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made [and] may accept, reject, or modify, in whole or in part, the findings or recommendations. . . ." 28 U.S.C. § 636(b)(1). Under Local Rule IB 3-2, the district judge may also receive further evidence or remand the same to the magistrate with instructions.

**I. Plaintiff's motions related the Judge McQuaid's order granting defendant's motion for enlargement of time: motion to strike (#61) and requests for review of Judge McQuaid's orders (## 48, 49)**

The plaintiff moves this court to strike (#61) the defendant's response to his objection to the magistrate judge's order granting the defendant's motion for enlargement of time. He contends that the defendant's response was filed in violation of Fed. R. Civ. P 6(b), 12(f), and 72. He claims that the defendant's response is "redundant, immaterial, and impertinent, and scandalous" (#61 at 1). The plaintiff makes conclusory statements that the response should be stricken, and essentially re-argues his objection to the magistrate's order. The plaintiff provides an insufficient basis for the court to strike the defendant's response, and his motion to strike is therefore denied.

**James C. Mahan**
**U.S. District Judge**

- 2 -

1    The plaintiff requests review (#48) of Judge McQuaid's order (#42) denying the plaintiff's
2 motion to set a trial or hearing date, contending that the magistrate judge "dismissed [his motion]
3 in an act of judicial afterthought" (#48 at 2). However, Judge McQuaid denied the plaintiff's motion
4 in light of its order (#41) granting the defendant's motion for enlargement of time to file a motion
5 for summary judgment. The plaintiff's contention that a magistrate judge is required to address
6 motions in a particular order is without merit. The court affirms Judge McQuaid's order denying the
7 plaintiff's motion to set trial (#42).

8    Finally, the plaintiff requests review (#49) of Judge McQuaid's order (#41) granting the
9 defendant's motion for enlargement of time to file a motion for summary judgment. He claims that
10 the magistrate, in granting the defendant's motion without the opportunity for him to respond, acted
11 arbitrarily and with bias. However, the record indicates that both parties neglected to prosecute this
12 action for almost a year. Once the court issued notice pursuant to Local Rule 41-1 that the case
13 would be dismissed if no action was taken within thirty days, the plaintiff filed his motion to set a
14 trial (#39). This prompted the defendant to seek additional time to file her motion for summary
15 judgment (#40). There is no indication that Judge McQuaid acted improperly in granting the
16 defendant's motion to enlarge time (#41), and his order is hereby affirmed.

17

18 **II. Judge McQuaid's report and recommendation (#69)**

19    On November 1, 2007, Judge McQuaid issued a report and recommendation (#69), denying
20 both the plaintiff's motion for summary judgment (#52) and the defendant's motion for summary
21 judgment (#50), and denying the plaintiff's motion to strike (#62) the defendant's response to
22 plaintiff's motion for summary judgment. Both parties have filed objections (##70, 71).

23    The plaintiff objects (#71) to the magistrate judge's report and recommendation, contending
24 that Judge McQuaid abused his discretion in making findings of fact and law. In his one page
25 objection, however, the plaintiff does not object to any specific findings of fact or law. Without
26 more, the plaintiff provides an insufficient basis for the court to evaluate his objections. The
27 magistrate judge's report and recommendation as to the plaintiff's motion for summary judgment

28

**James C. Mahan**
**U.S. District Judge**

- 3 -

1  is therefore affirmed.

2      The defendant also objects (#70) to the magistrate judge's report and recommendation,
3  arguing that it was the plaintiff's own actions, rather than the defendant's, that caused the plaintiff
4  to miss his filing deadline (#70 at 2). Judge McQuaid found that

6      there are genuine issues of material fact as to whether Defendant selectively and arbitrarily refused to take Plaintiff's legal copy work on October 21, 2003 and whether, after accepting Plaintiff's legal copy work on October 28, 2003, Defendant failed to deliver it in a timely manner consistent with well-established past practice.

9  (#69 at 9). Judge McQuaid noted that a judge's function at summary judgment is not to make
10 credibility determinations, which is what the defendant proposed in asserting that a jury is "far more
11 likely" to accept the defendant's position and reject the plaintiff's position (#69 at 7).

12     In concluding that a genuine issue of material fact exists, the magistrate judge relied on
13 *Philips v. Hust*, 477 F.3d 1070 (9th Cir. 2007), which held that "an inmate's constitutional rights,
14 including the right of access to the courts, may be violated by the arbitrary and selective enforcement
15 of otherwise valid policies." The *Philips* court found that a prison law librarian acted arbitrarily and
16 selectively when she refused to comb-bind an inmate's legal documents and caused him to miss his
17 filing deadline. *Philips*, 477 F.3d at 1078. The court found that the librarian's actions placed the
18 inmate in the "untenable position" of either submitting his petition late, or submitting it unbound in
19 the hopes that it would be accepted in contravention of filing rules. *Id.*

20     The defendant attempts to distinguish *Philips* on the facts, arguing that because the plaintiff
21 here had over seven days from the date his request was first allegedly denied to obtain copies, the
22 defendant's alleged actions did not cause the plaintiff to miss his filing deadline. However, even if
23 the plaintiff had the opportunity between October 21, 2003, and October 28, 2003, to obtain copies,
24 the defendant accepted the plaintiff's copy work on October 28, 2003. Once the defendant accepted
25 the work, she had a duty to deliver the work in a timely manner consistent with well-established
26 practice. *Id.* Judge McQuaid properly concluded that there is a genuine issue of material fact as to
27 whether the defendant properly discharged her duty, and properly refused to make a determination

**James C. Mahan**
**U.S. District Judge**

- 4 -

1  as to whose position is more credible. The magistrate judge's report and recommendation on the
2  defendant's motion for summary judgment is therefore affirmed.
3      In his report and recommendation, Judge McQuaid also denied the plaintiff's motion to strike
4  (#62) the defendant's opposition to the plaintiff's motion for summary judgment. In his motion to
5  strike, the plaintiff argues the substance of his motion for summary judgment and makes similar
6  arguments to those that the court rejects regarding his other motion to strike. Because the plaintiff
7  provides no basis or argument to strike the defendant's opposition, his motion to strike is denied.
8      IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the plaintiff's motion to
9  strike (#61), be and the same hereby is, DENIED.
10      IT IS FURTHER ORDERED, ADJUDGED AND DECREED that, after reviewing the
11  magistrate judge's orders as the plaintiff requested (##48, 49), the orders to which the plaintiff
12  objects (##41, 42), be and the same hereby are, AFFIRMED in their entirety.
13      IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the magistrate judge's
14  report and recommendation (#69) recommending that the court deny both parties' motions for
15  summary judgment (##50, 52) and deny the plaintiff's motion to strike (#62), be and the same hereby
16  is, AFFIRMED in its entirety.
17      DATED this 27th day of March, 2008.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 5 -