**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

LOUIS D. COSCO,

Plaintiff,

v.

DEBI LIGHTSEY, et al.,

Defendants.

3:05-CV-78 JCM (RAM)

Date: N/A
Time: N/A

**ORDER**

Presently before the court is defendant Debra Lightsey's motion for summary judgment (Doc. #136) filed on July 7, 2009. Plaintiff Louis D. Cosco filed an opposition (Doc. #140) on July 27, 2009. Defendant filed a motion for an extension of time to reply which this court granted on August 11, 2009. Defendant filed a reply to plaintiff's opposition to the motion for summary judgment (Doc. #143) on August 24, 2009.

BACKGROUND

Plaintiff alleges that defendant denied his Constitutional rights under the First and Fourteenth Amendments when he was denied access to the courts to pursue an underlying litigation. In this case, plaintiff alleges that his constitutional rights were violated by prison librarian, defendant Debi Lightsey, when his photocopy requests were delayed.

The underlying litigation was an action for declaratory relief that sought to resolve a property dispute between plaintiff and a number of Wyoming state correctional officials, which arose when

James C. Mahan
U.S. District Judge

prison-rule changes rendered plaintiff's personal property "contraband." *Cosco v. Uphoff*, 55 P.3d 702 (Wyo. 2003). This dispute was settled by and between plaintiff and the Wyoming defendants in a settlement agreement, and release signed by the plaintiff in 2001. *Id.*

Despite the settlement agreement, plaintiff filed a second lawsuit in Wyoming state court seeking declaratory relief pursuant to the Uniform Declaratory Judgment Act (UDJA). *Id.* This second lawsuit is the underlying litigation referenced in the case before this court. The underlying lawsuit was dismissed by the Wyoming district court for failure to state a claim upon which relief can be granted. The Wyoming court based its decision on the following four grounds: 1) plaintiff waived all of his claims when he signed the release; 2) the UDJA does not provide for the recovery of monetary damages; 3) defendants were immune from suit under the Wyoming Governmental Claims Act (W.G.C.A.); and 4) plaintiff did not comply with the requirements of the WGCA by failing to file a notice of claim. *Id.* at 702. The Wyoming Supreme Court also dismissed plaintiff's appeal because it was not timely and he failed to show excusable neglect in support an extension of time.

## ANALYSIS

### I. THE COURT MUST GRANT DEFENDANTS' SUMMARY JUDGMENT BECAUSE THE PLAINTIFF'S CONSTITUTIONAL RIGHTS WERE NOT VIOLATED.

Under Fed. R. Civ. P. 56©, the moving party is entitled to judgment as a matter of law where, viewing the evidence and inferences in favor of the non-moving party, there are no issues of material fact in dispute. *Bagdadi v. Nazar,* 84 F.3d 1194, 1197 (9th Cir. 1996).

The moving party bears the burden of informing the court of the basis for its motion and providing evidence demonstrating the absence of any genuine issue of material fact. *Celotex Corp.v. Catrett,* 477 U.S. 317, 323 (1986). In a motion for summary judgment, when the moving party has met its burden, the opposing party may not rest on mere allegations or denials, but must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).

**A. Defendants Did Not Deny Plaintiff Access to the Courts Because Plaintiff's Claim in the Underlying Litigation Was Not Constitutionally Protected**

Plaintiff Cosco alleges that his Constitutional rights were violated by defendant Debi Lightsey, law library supervisor at the Ely State Prison in Ely, Nevada, when plaintiff's photocopy requests were delayed, which caused his failure to file a timely appeal of the underlying litigation.

Under the First and Fourteenth Amendment of the United States Constitution, state prisoners have a right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 346 (1996). When a prisoner asserts a denial of access claim that seeks remedy for a lost opportunity to present a legal claim, the plaintiff must show: 1) the loss of a nonfrivolous or arguable underlying claim; 2) official acts frustrating the litigation; and 3) a remedy that may be awarded as recompense but that is not otherwise available in a future suit. *Christopher v. Harbury*, 536 U.S. 403, 413-414 (2002).

In the underlying litigation, plaintiff filed a complaint for declaratory relief pursuant to the Uniform Declaratory Judgment codified in Wyo. Stat. Ann. §§ 1-37-101 to 115 (Westlaw 2009). *Cosco*, 66 P.3d at 702. As such, plaintiff's claim for declaratory judgment arose under the settlement agreement reached with the Wyoming defendants in the prior litigation. However, the Supreme Court has been unwilling to extend right of access claims beyond criminal appeals, habeas petitions and civil rights actions. *See*, *Lewis v. Casey*, 518 U.S. 343, 354 (1996).

Therefore, plaintiff's claim that he was denied access to the courts in the underlying litigation involving a settlement agreement is not a violation of his constitutional rights. Furthermore, plaintiff's declaratory relief action in the underlying litigation did not arise as a civil rights action under 42 U.S.C. § 1983. Therefore, defendant did not violate plaintiff's constitutional rights by delaying photocopying work for the underlying litigation.

**B. Plaintiff's Due Process Claim is Not a Cognizable Liberty Interest**

Plaintiff alleges his constitutional rights under Fourteenth and Fifth Amendments were denied when he was deprived his property interest in the underlying litigation without due process. "The Fourteenth Amendment prohibits any state from depriving a person of life, liberty, or property without due process of law." *Meachum v. Fano*, 427 U.S. 215, 223 (1976).

James C. Mahan
U.S. District Judge

As stated above, plaintiff's underlying litigation involved contract rights arising under a settlement agreement and not a constitutionally-protected claim. A due process claim exists when there is a recognized liberty or property interest at stake. *Rizzo v. Dawson,* 778 F.2d 527, 530 (9th Cir. 1985). Here, plaintiff does not have a federally-protected liberty interest in obtaining a right of access to the courts.

Furthermore, in earlier litigation involving the plaintiff's claims regarding property deprivation, the Tenth Circuit stated that in Wyoming, inmates have no liberty or property interest in their personal property that was confiscated in prison, pursuant to new prison regulations. *Cosco v. Uphoff*, 195 F.3d at 1224.

**C. Plaintiff's Equal Protection Claim Fails to Allege Intentional Discrimination and Status as a Protected Class.**

Plaintiff alleges that defendant Lightsey violated his equal protection rights under the Fourteenth Amendment of the Constitution. Under 42 U.S.C. §1983, in a claim for violation of the equal protection clause of the Fourteenth Amendment, a plaintiff must allege that the defendant acted with the intent or purpose to discriminate against the plaintiff because he was a member of a protected class. *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001).

In this case, plaintiff's complaint fails to allege that the defendant's actions were taken with an intent or purpose to discriminate against him based on his membership in a protected class. The allegations listed in plaintiff's complaint do not create a valid inference that defendant's actions were taken with an intent or purpose to discriminate based upon membership in a protected class. Moreover, plaintiff's complaint does not allege that defendant Lightsey took action against him for any specific reason.

Therefore, defendant did not violate the plaintiff's equal protection rights under the Fourteenth Amendment.

. . .

. . .

. . .

CONCLUSION

UPON CONSIDERATION of the defendants' motion (Doc. # 136) and the papers and pleadings on file in this matter,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants' motion for summary judgment (Doc. # 136) be, and the same hereby is, GRANTED.

DATED this 8th day of September, 2009.

James C. Mahan

**UNITED STATES DISTRICT JUDGE**